```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON

CAMEO, LLC,                       )
                                  )
     Plaintiff,                   )   Action No. 5:08-cv-316-JMH
                                  )
v.                                )
                                  )
                                  )
ICI AMERICAS, INC.                )
                                  )
     Defendant,                   )
                                  )
                                  )
                                  )
CAMEO, LLC,                       )
                                  )
     Plaintiff,                   )   Action No. 5:14-cv-256-JMH
                                  )
                                  )
 v.                               )
                                  )
                                  )
AKZO NOBEL COATINGS, INC.         )   MEMORANDUM OPINION AND ORDER
                                  )
     Defendant,                   )
                                  )
ICI AMERICAS, INC.,               )
                                  )
     Intervenor.                  )
                        **    **    **    **    **
```

This matter is before the Court upon the motion of ICI Americas, Inc. ("ICIA") to strike Cameo, LLC's complaint in the related action, No. 5:14-cv-256, for attorney's fees and costs, and for sanctions. For the reasons that follow, the Court will deny the motion to strike Cameo's complaint, deny the motion for sanctions, and grant, in part, the motion for attorney's fees and costs.

**BACKGROUND**

In 2008, Cameo sued ICIA for breach of contract, *inter alia*, in Action No. 5:08-cv-316-JMH. In February 2009, this Court entered the parties' agreed order in that matter, which provided that certain information that ICIA shared with Cameo for the purposes of mediation would remain strictly confidential and would not be disclosed to anyone other than the mediator.[1] *See* DE 23. The parties later engaged in arbitration and the case was dismissed voluntarily with prejudice, but the Court retained jurisdiction with respect to post-settlement issues. *See* DE 27.

On June 26, 2014, Cameo—"not satisfied with the results of the arbitration"—filed a complaint against Akzo Nobel Coatings, Inc., an entity Cameo claims is ICIA's successor-in-interest. *See* Action No. 5:14-cv-256-JMH, DE 1, DE 40 at ID# 216. On July 8, 2014, Cameo filed a motion to seal the complaint, advising the Court that ICIA had contacted Cameo and informed it of ICIA's belief that the complaint violated prior confidentiality agreements and orders related to the 2008 action. DE 6. That same day, ICIA—though not a party to the 2014 action—moved to

---

[1] ICIA also contends that Cameo's complaint in the 2014 action violates the terms of a June 2009 "Release, Settlement, and Confidentiality Agreement," as well as an agreed "Protective Order" that was entered during binding arbitration from the 2008 action. Although ICIA asserts that these items have been entered into the record as exhibits, the Court has reviewed the record and has failed to locate them.

2

strike the complaint, to hold Cameo in contempt, for sanctions, and for attorney's fees and costs. DE 8. On July 10, 2014, the Court granted Cameo's motion to seal the complaint and gave Cameo a brief period to file a motion to amend the complaint or to withdraw it. DE 10. Ultimately, Cameo did amend its complaint, but it has remained under seal based on the potentially sensitive nature of the information therein, as well as ICIA's pending motion to hold Cameo in contempt and for sanctions, fees, and costs.

## ANALYSIS

The Court first addresses ICIA's motion to strike Cameo's complaint in order to "protect ICIA's confidential information." ICIA moves to strike pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(iii), which provides that pleadings may be stricken, in whole or in part, when a party fails to obey a discovery order. Although the Court retains considerable discretion in ruling on a motion to strike, such motions generally are disfavored. The Court is not prepared to strike Cameo's complaint based on ICIA's conclusory allegation that the complaint "contains numerous improper disclosures" of confidential information in violation of the parties' agreed order and other documents. Based on the record, as it is developed at this time, the Court is unable to determine that

3

Cameo's complaint contains information it agreed not to disclose. Further, ICIA has not demonstrated, nor has it alleged, that it has been materially harmed by the disclosure of information in Cameo's complaint. The complaint and amended complaints in this matter have been placed under seal and, thus, any confidential information is protected from public disclosure. ICIA suggests that Cameo's claims in the 2014 action are barred by the principles of res judicata and equitable estoppel. Even if Cameo's claims ultimately fail on those bases, dismissing them based upon the record before the Court at this time would be improper. Accordingly, the Court finds that striking the complaint is a drastic action that is not warranted at this time.

Likewise, the Court declines to hold Cameo in contempt of Court. "In order to hold a litigant in contempt, the movant must produce clear and convincing evidence that shows that '[the non-moving party] violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Elec. Workers Pension Trust Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) (alteration added)). ICIA has not demonstrated, by clear and convincing

evidence, that Cameo's complaint contains "[i]nformation regarding sales, revenues, and contractual terms that [were] shared with [Cameo] and its counsel confidentially, on a voluntary basis in connection with the proposed mediation" that were not later obtained by Cameo through other means under which confidentiality requirements did not apply. *See* 5:08-cv-316 at DE 23. Further, on July 8, 2014—12 days after the complaint was filed—Cameo moved to seal the complaint after having been contacted by ICIA regarding the potential confidentiality breach. Cameo's expedient effort to resolve any potential breach of confidentiality weighs against holding Cameo in contempt of Court. While the Court acknowledges that Cameo's motion to seal the complaint was not entirely self-initiated, contempt is a drastic sanction which is typically inappropriate when a party has received no prior warnings and has received no opportunity to remedy its behavior. Accordingly, it is not appropriate here.

ICIA also moves for reasonable costs, including attorney's fees. As explained above, Cameo acknowledges that it was only after receiving communication from counsel for ICIA that Cameo moved to seal its complaint, conceding that modifications may have been warranted. Accordingly, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), the Court will award attorney's

5

fees to ICIA based on the expenses incurred in contacting Cameo to initiate the sealing of the complaint. The request shall not exceed two hours of the attorney's time and shall be accompanied by the attorney's supporting affidavit.

Accordingly, **IT IS HEREBY ORDERED:**

(1) that ICIA's motion for sanctions and to strike, [DE 31 in 5:08-cv-318], [DE 8 in 5:14-cv-256], is **DENIED IN PART** and **GRANTED IN PART;** and

(2) ICIA shall be awarded attorney's fees in the amount outlined by this Order. ICIA shall **SUBMIT** to the Court, within thirty (30) days, its attorney's fee statement, with supporting documentation.

This the 20th day of March, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge